UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL PRESTON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 17-cv-5600 |
| ) | |
| vs. ) | |
| ) | |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANT CLIENT SERVICES, INC.**

**COMES NOW** Defendant Client Services, Inc. ("CSI"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows, denying each and every allegation contained herein, unless otherwise admitted or qualified herein:

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, et al.

**ANSWER:** Admitted in part and denied in part. CSI admits that Plaintiff purports to allege claims under the Fair Debt Collection Practices Act ("FDCPA"). CSI denies that it violated the FDCPA. CSI denies any remaining allegations set forth in this paragraph.

2. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

**ANSWER:** CSI admits that Plaintiff is a natural person over the age of 18. CSI lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies the same.

3. Defendant CSI is a Missouri corporation with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301.

**ANSWER:** Admitted.

4. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**ANSWER:** Admitted.

5. Subject matter jurisdiction is conferred upon this Court by FDCPA pursuant to 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

**ANSWER:** Admitted in part and denied in part. CSI admits that this Court has jurisdiction to hear cases involving federal questions, but denies that Plaintiff has Article III standing under the Unites States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and the claims occurred within the Northern District of Illinois by virtue of the fact that Plaintiff resides in this District and the offending call was received in this District.

**ANSWER:** Admitted in part and denied in part. CSI admits that it conducts business in this District. CSI lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies the same.

7. Plaintiff fell behind on payments owed in relation to credit cards issued by Bank of America which he incurred for personal living expenses.

**ANSWER:** CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

8. Bank of America contracted with Defendant to attempt to collect the amounts owed.

**ANSWER:** CSI admits that it contracted with Bank of America to collect a debt owed by Defendant to Bank of America. Except as so admitted, CSI denies the allegations in this paragraph.

9. As defined by the FDCPA, the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium."

**ANSWER:** This paragraph contains only legal conclusions requiring no response. CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

10. Telephone calls placed by debt collectors are a form of "communication" governed by the FDCPA.

**ANSWER:** This paragraph contains only legal conclusions requiring no response. CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

11. In an effort to collect the amounts owed to Bank of America, Defendant engaged in a form of covered "communication" by calling the home telephone (land-line) associated with Plaintiff's family's residence.

**ANSWER:** CSI admits that it engaged in collection efforts with respect to a debt that Defendant owed to Bank of America and admits that it called Defendant by telephone in connection with the collection of that debt. CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph regarding whether the telephone number involved was a land line associated with Plaintiff's family's residence and therefore denies

3

the same. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

12. On information and belief, Defendant skip-traced the telephone number associated with Plaintiff's family's home answering machine.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

13. The outgoing message on the home telephone number associated with Plaintiff's residence (his family's home answering machine) did not include Plaintiff's full name or otherwise state that the telephone number was Plaintiff's personal telephone number.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

14. Rather, the outgoing message on Plaintiff's family's home answering machine stated ". . . the Preston residence, no one is home, please leave a message (beep)."

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

15. Defendant did not have Plaintiff's permission to leave messages regarding Plaintiff's debts on Plaintiff's family's home answering machine.

**ANSWER:** Denied.

16. During this phone call, an employee of Defendant left a message Plaintiff's family's home answering machine.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

17. The message that Defendant's employee left indicated that Plaintiff was being contacted by a debt collector for the purpose of attempting to collect a debt.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

18. The message that Defendant's employee left also identified Defendant's name and provided a call-back number.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

19. Plaintiff's son (a resident of the household at the time of the message) heard the message that was left by Defendant's employee.

**ANSWER:** CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

20. As detailed below, the telephone message left by Defendant's employee violated provisions of the FDCPA because it unlawfully disclosed Plaintiff's debt to another person (Plaintiff's son) where Defendant did not have permission to disclose Plaintiff's debt in this manner.

**ANSWER:** Denied.

21. The subject telephone message violated Plaintiff's statutory rights afforded by the FDCPA and caused Plaintiff actual harm, including but not limited to, the invasion of his right to privacy regarding his debts, nuisance, intrusion upon seclusion, embarrassment, distress, mental anguish and anxiety.

**ANSWER:** Denied.

### Answer to Plaintiff's Count I

22. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

**ANSWER:** No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent that a response is deemed necessary, CSI incorporates its responses above as though fully set forth herein at length.

23. Plaintiff is "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same. Answering further, the allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

24. The subject debt that Defendant was attempting to collect arose primarily for family, personal or household purposes, and this is an alleged "consumer debt" as defined by FDCPA §1692a(5).

**ANSWER:** Denied.

25. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**ANSWER:** Admitted in part and denied in part. CSI admits that it uses the mail and telephones to collect valid debts due and owing to others. The remaining allegations contained in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

26. Defendant's telephone communications to Plaintiff were made in connection with a collection of a consumer debt.

**ANSWER:** Denied.

27. Defendant placed telephone calls to Plaintiff's family's residential telephone number to attempt to collect the subject debt and, as such, Defendant engaged in "communications" as defined in FDCPA §1692a(2).

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same. Answering further, the allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

28. The message that Defendant's employee left on Plaintiff's family's answering machine violated Section 1692b(2) of the FDCPA which provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall - . . . (2) not state that such consumer owes any debt."

**ANSWER:** Denied.

29. The message that Defendant's employee left on Plaintiff's family's answering machine Section 1692c(b) of the FDCPA which provides that "without the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer[.]"

**ANSWER:** Denied.

30. Defendant did not have permission to leave a message regarding Plaintiff's debt on his family's home answering machine.

**ANSWER:** Denied.

31. The message that Defendant's employee left Plaintiff's family's answering machine violated Section 1692d of the FDCPA which provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

**ANSWER:** Denied.

32. Leaving a message about Plaintiff's debt on his family's answering machine without obtaining his permission to contact him or leave a message on the answering machine constitutes conduct that has "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

**ANSWER:** Denied.

9460601v.1

33. Section 1692f of the FDCPA provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** This paragraph contains only legal conclusions requiring no response. CSI denies these allegations to the extent that they seek to characterize or interpret the meaning of the statute or any of its provisions.

34. Leaving a message about Plaintiff's debt on a home answering machine without obtaining his permission constitutes an "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Denied.

35. It is Defendant's policy and practice to leave messages on communal answering machines.

**ANSWER:** Denied.

36. It is Defendant's policy and practice to leave messages on communal answering machines such as residential (family) answering machines where the outgoing message of a *possible* debtor is stated on the out-going message.

**ANSWER:** Denied.

37. The outgoing message heard by Defendant's employee prior to the employee leaving a message for Plaintiff did not confirm that the answering machine was clearly associated and solely associated with Plaintiff's personal telephone number.

**ANSWER:** Because the Second Amended Complaint provides no information regarding the phone number at issue, the alleged "answering machine," or the date of the subject phone call, CSI lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

9

38. Defendant did not independently confirm that it was calling an answering machine that was clearly associated and solely associated with Plaintiff's personal telephone number.

**ANSWER:** Denied.

39. Defendant did not obtain Plaintiff's permission to leave message regarding his debts on his family's answering machine.

**ANSWER:** Denied.

40. Plaintiff did not provide Defendant with permission to leave messages regarding his debts on his family's answering machine.

**ANSWER:** Denied.

41. Defendant's policy and practice of failing to confirm the owner of the answering machine in questions led to and caused violations of the FDCPA as outlined above.

**ANSWER:** Denied.

**WHEREFORE**, having fully answered Count I of Plaintiff's Second Amended Complaint, Defendant Client Services, Inc. respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Second Amended Complaint and granting any and all other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, which CSI denies occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. In this matter, Plaintiffs assert violations

9460601v.1

based on the nature, context and substance of telephone calls. Defendant has policies and procedures in place that are reasonably adapted to avoid unlawful call nature, context and substance. Defendant has policies and procedures that are reasonably adapted to avoid communicating with consumers any manner, frequency or circumstance that violate applicable law.

### THIRD DEFENSE

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant. Damages or injuries, if any, suffered by Plaintiff may be attributable, in whole or in party, to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Defendant.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

### FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

### SIXTH DEFENSE

Upon information and belief, Defendant asserts some or all of Plaintiff's claims are subject to an arbitration agreement(s) within the applicable credit agreement(s) associated with the debt accounts at issue, requiring that some or all of Plaintiff's claims be dismissed in favor of mandatory individual arbitration. Defendant reserves the right to invoke any such arbitration agreement.

**SEVENTH DEFENSE**

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, which CSI denies, Plaintiff's entitlement to statutory damages is capped at $1,000 per action. *Smith v. Greystone Alliance, LLC*, 772 F.3d 448, 449 (7th Cir. 2014); 15 U.S.C. § 1692k(a)(2)(A).

**EIGHTH DEFENSE**

Plaintiff has failed to show any violation of the FDCPA and, therefore, is not entitled to attorneys' fees or costs.

**NINTH DEFENSE**

CSI did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. CSI also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

**TENTH DEFENSE**

Plaintiff's claims are barred by the one-year statute of limitations (15 U.S.C. § 1692k(d)), because Plaintiff failed to bring his alleged claim within one year from the date on which the alleged message was left on Plaintiff's answering machine.

**ELEVENTH DEFENSE**

To the extent that Plaintiff provided consent to be contacted pursuant to a bargained-for provision of a contract between Plaintiff and his original creditor, Plaintiff cannot unilaterally revoke his consent. See *Albert Reyes, Jr. v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. June 22, 2017).

**TWELFTH DEFENSE**

CSI and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. CSI alleges

that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, CSI acted in good faith in the honest belief that the acts, conduct and communications, if any, of CSI were justified under the circumstances based on information reasonably available to CSI. Accordingly, Plaintiff is barred from any recovery in this action.

## THIRTEENTH DEFENSE

CSI's conduct with respect to Plaintiffs did not violate the FDCPA. Therefore, CSI affirmatively states that Plaintiff's claim against it pursuant to the FDCPA lacks any degree of viability and all claims against CSI should be dismissed or withdrawn and that Plaintiff's lawsuit was filed against CSI in bad faith.

## FOURTEENTH DEFENSE

As to the allegations in the Complaint, and each and every cause of action therein, Defendant presently has insufficient knowledge and information on which to form a belief as to whether additional, as yet unstated, affirmative defenses may exist. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, and having set forth its Affirmative Defenses, Defendant Client Services, Inc. respectfully requests that this Court dismiss the Second Amended Complaint, with prejudice, and that it provide CSI any such other and further relief as this Court deems just and equitable.

Dated:  December 3, 2018

                              Respectfully Submitted,

                              By:   /s/  Daniel E. Tranen
                              Daniel E. Tranen, Esq., #6244878
                              Erik Tomberg, Esq., #6325179
                              WILSON ELSER MOSKOWITZ
                              EDELMAN & DICKER LLP
                              101 West Vandalia Street, Suite 220
                              Edwardsville, Illinois 62025
                              (618) 307-4895
                              Email: daniel.tranen@wilsonelser.com

                              **Attorneys for Client Services, Inc.**

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that on **December 3, 2018**, the foregoing document was served on the following counsel of record via the Court's ECF system:

Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
James C. Vlahakis, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148

                                                            /s/ *Daniel E. Tranen*

9460601v.1